Gary Gatti, Appellant, 
against
Vincent Rago, Respondent.




Scott Lockwood, Esq., for appellant.
Vincent Rago, respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Suffolk County, Second District (David A. Morris, J.), entered July 19, 2016. The judgment, following an inquest, dismissed the complaint.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this action to recover the principal sum of $15,000, consisting of $5,400 pursuant to the terms of a stipulation, dated August 14, 2007, settling a prior summary proceeding, in which defendant had allegedly agreed to pay plaintiff specified amounts if the premises were not vacated by dates certain (cause of action # 1), $6,600 for use and occupancy for the months of "September, October and December" 2007 because the premises had not been vacated by September 15, 2007 (cause of action # 2), and $3,000 for damage defendant allegedly caused to plaintiff's property (cause of action # 3). After defendant appeared and answered, plaintiff served interrogatories upon defendant and subsequently moved, pursuant to CPLR 3126, for the answer to be stricken on the ground that defendant had failed to respond to the interrogatories. By order dated December 10, 2009, the District Court (Kevin J. Crowley, J.) issued a conditional order of preclusion which, among other things, directed defendant to respond to the interrogatories within 30 days. Defendant failed to comply with the conditional order of preclusion, after which plaintiff moved for the entry of a default judgment and to set the matter down for an inquest. By order dated May 21, 2010, the District Court (C. Stephen Hackeling, J.) denied plaintiff's motion. Plaintiff appealed the May 21, 2010 order, and by decision and order dated January 12, 2012, this court reversed the May 21, 2010 order, granted plaintiff's motion, and remitted the matter to the District Court for entry of a default judgment following an inquest (Gatti v Rago, 34 Misc 3d 141[A], 2012 NY Slip Op 50077[U] [App Term, 2d Dept, 9th & 10th Jud Districts 2012]). Following an inquest, the District Court (David A. Morris, J.) found that plaintiff had "failed to establish, by a fair preponderance of the evidence, any damages on the three causes of action. . . . Accordingly, the plaintiff is awarded damages in the amount of $0.00 [*2]on each of the three causes of action." A judgment was entered on July 19, 2016, dismissing the complaint. 
Plaintiff's first cause of action is based upon the August 14, 2007 stipulation settling the prior summary proceeding, which is signed by, among others, plaintiff's attorney and defendant, and which provides that plaintiff is entitled to recover specified amounts if "tenants" fail to vacate the premises by September 1, 2007, and additional specified amounts if "tenant" fails to vacate by September 15, 2007. In his second cause of action, plaintiff seeks to recover $6,600 for use and occupancy for the months of "September, October and December" 2007. As the August 14, 2007 stipulation clearly states that there is to be "No money judgment vs. Vincent Rago," and as plaintiff failed to establish that defendant was in possession of the property during the months in question, the District Court properly found that plaintiff is not entitled to recover from defendant on plaintiff's first and second causes of action. With respect to plaintiff's third cause of action, plaintiff offered no evidence, documentary or otherwise, to establish the value of the alleged damage to his property. Consequently, the District Court properly dismissed the third cause of action.
Plaintiff's remaining contention lacks merit.
Accordingly, the judgment is affirmed.
MARANO, P.J., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 09, 2017